UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATHLEEN F. B.,

               Plaintiff,

v.                                                                                       1:19-CV-1472
                                                                                          (GTS)

ANDREW M. SAUL, Commissioner of the
Social Security Administration,

               Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

AVARD LAW OFFICES                                          CRAIG POLHEMUS, ESQ.
  Counsel for Plaintiff
P.O. Box 101110
Cape Coral, FL 33910

SOCIAL SECURITY ADMINISTRATION                 RAMI VANEGAS, ESQ.
OFFICE OF GENERAL COUNSEL–REGION I         Special Assistant U.S. Attorney
  Counsel for Defendant
JFK Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this action filed by Kathleen F. B. ("Plaintiff") against the Commissioner of Social Security Andrew Saul[1] ("Defendant") pursuant to 42 U.S.C. § 405(g), are (1) Plaintiff's motion for judgment on the pleadings, and (2) Defendant's motion for judgment on the pleadings. (Dkt. Nos. 11, 14.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted, Defendant's motion for judgment on the

---

[1]  Andrew Saul was sworn in as the Commissioner of the Social Security Administration on June 17, 2019.

pleadings is denied, and this case is remanded for further proceedings by a constitutionally appointed ALJ.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born in 1964, making her 48 years old at her alleged onset date and 54 years old at the date of the ALJ's decision. Plaintiff reported having an 11th grade education and that she did not complete her GED. She also reported past work as an administrative assistant in a hotel and a school bus driver. In her application, Plaintiff alleged disability due to multiple sclerosis, fibromyalgia, arthritis in her spine and right hip, sleep apnea, memory issues, hypothyroidism, hypertension, right lung disease, and irregular heartbeat.

### B.     Procedural History

Plaintiff applied for Disability Insurance Benefits on September 22, 2014. Plaintiff's application was initially denied on January 12, 2015 and again on reconsideration on June 26, 2015, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a hearing before ALJ Valencia Jarvis on November 16, 2017. On September 24, 2018, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act for the period between her alleged onset date of June 15, 2013, and her date last insured of March 31, 2016. (T. 18-28.)[2] On August 27, 2019, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T. 4-8.)

### C.     The ALJ's Decision

---

[2]     The Administrative Transcript is found at Dkt. No. 8. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 15-24.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date and her date last insured. (T. 20.) Second, the ALJ found that Plaintiff's obesity and degenerative disc disease of the lumbar spine are severe impairments, while her multiple sclerosis, fibromyalgia, rheumatoid arthritis, cardiomegaly, hypothyroidism, sleep apnea, anxiety and depression are either not severe impairments or not medically determinable impairments. (T. 20-24.) Third, the ALJ found that Plaintiff's severe impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"); specifically, the ALJ considered Listing 1.04. (T. 24.) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) except: The claimant can perform unlimited push/pull. She can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. She can frequently balance and occasionally stoop, kneel, crouch and crawl. She can occasionally work around unprotected heights, dangerous equipment and extreme heat.

(T. 24.) Fifth, the ALJ found that Plaintiff could perform her past relevant work as a head housekeeper, which the vocational expert testified is classified as a light position with a specific vocational preparation ("SVP") rating of 6. (T. 27.) The ALJ therefore concluded that Plaintiff was not disabled during the relevant time period.

### D.     The Parties' Briefing on Their Motions

#### 1.     Plaintiff's Motion for Judgment on the Pleadings

Generally, in her motion, Plaintiff makes five arguments. (Dkt. No. 11, at 16-25 [Pl.'s Mem. of Law].) First, Plaintiff argues that the ALJ erred in failing to account for her hearing impairment despite the consultative examiner's notation that Plaintiff seemed to have significant difficulty hearing during the examination and Plaintiff's testimony that her treating physician

recommended that she have her hearing problems examined. (*Id.* at 16-17.) Plaintiff argues that this error is not harmless because her past work requires the ability to frequently hear and the ALJ found that she could still perform that past work. (*Id.*)

Second, Plaintiff argues that the ALJ erred in failing to account for her alleged need to use a handheld assistive device and that such error is not harmless because the vocational expert testified that requiring an assistive device would preclude her from performing her past work as a head housekeeper. (*Id.* at 17-18.) More specifically, Plaintiff argues that the ALJ incorrectly found that no physician opined the need for an assistive device and improperly ignored Dr. Gluzberg's opinion that Plaintiff did in fact require a cane or assistive device to ambulate in the workplace. (*Id.*)

Third, Plaintiff argues that the ALJ erred in failing to include limitations in the RFC related to her alleged memory loss, decreased concentration, confusion, and mental fogginess despite evidence that substantiates these allegations. (*Id.* at 18-20.)

Fourth, Plaintiff argues that the ALJ erred in affording great weight to the opinions of the non-examining state agency medical consultants but failing to find certain impairments to be severe (including osteoarthritis, peripheral neuropathy, and affective disorder) given that the opinions of those physicians were based in part on their finding that these additional conditions were severe impairments. (*Id.* at 20-21.)

Fifth, Plaintiff argues that remand is necessary because the ALJ was not constitutionally appointed at the time she conducted Plaintiff's hearing and thus the hearing was constitutionally deficient. (*Id.* at 21-25.) More specifically, Plaintiff argues the she did not forfeit this argument by failing to raise it before either the ALJ or the Appeals Council because (a) Supreme Court precedent specifically holds that failure to raise an argument before the Appeals Council does

not waive it, (b) other precedent (including from the Supreme Court) suggests that failure to raise such an argument before the ALJ is also not required, (c) Supreme Court precedent holds that objections based on the Appointments Clause are structural and therefore may be considered whether or not they were raised during the administrative proceedings below, and (d) Supreme Court precedent has held that Social Security claimants are not barred from raising constitutional claims for the first time in federal court because the Social Security Administration has no power to adjudicate such claims. (*Id.*)

### 2. Defendant's Motion for Judgment on the Pleadings

Generally, in his motion, Defendant makes five arguments. (Dkt. No. 12, at 5-21 [Def.'s Mem. of Law].) First, Defendant argues that the ALJ properly considered Plaintiff's alleged hearing difficulties given that there is no diagnosis of hearing loss, no evidence that Plaintiff was shown to have decreased hearing on examinations, and no treatment for hearing loss substantiated by the record. (*Id.* at 5-7.) Defendant argues that, even if the consultative examiner's observation and Plaintiff's testimony constitute evidence of hearing loss, the ALJ properly weighed the facts and resolved the conflict between that evidence and the rest of the evidence that did not demonstrate any hearing impairment, and that there is no basis for questioning the ALJ's weighing of the evidence on this point. (*Id.*)

Second, Defendant argues that the ALJ properly considered whether Plaintiff required an assistive device, and that, even if the ALJ's statement that no physician had indicated the need for an assistive device was erroneous, such error was harmless because Dr. Gluzberg's own treatment notes do not support her opinion, and other evidence shows that Plaintiff was engaged in significant walking activity without any indication that she required the use of an assistive device. (*Id.* at 7-8.)

Third, Defendant argues that the ALJ properly assessed Plaintiff's mental impairments and functioning because treatment notes from the relevant time period contained overwhelmingly normal mental findings and the consultative examiner found that Plaintiff was at most mildly impaired by her mental impairments, but that they would not affect her work-related functioning. (*Id.* at 8-10.) Defendant also argues that the ALJ specifically found more restrictive portions of the state agency consultant's opinions related to mental functioning inconsistent with the rest of the evidence. (*Id.*)

Fourth, Defendant argues that the ALJ properly weighed the opinion evidence and her RFC is supported by the opinions on which she relied, even if she did not adopt all of the specific impairments that those sources opined were severe. (*Id.* at 10-11.)

Fifth, Defendant argues that Plaintiff forfeited her argument related to the constitutionality of the ALJ's appointment at the time of the hearing by failing to raise that argument during the administrative proceedings because her failure to do so renders that argument untimely according to the interpretation of the law by the Supreme Court, the Second Circuit, and a majority of district courts. (*Id.* at 11-21.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence

standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.

7

The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III.   ANALYSIS

After carefully considering whether remand is warranted, the Court answers this question in the affirmative for the following reasons.

Until recently, there was a significant split amongst the Circuit Courts of Appeal regarding whether a Social Security disability claimant waives the right to raise an Appointments Clause argument in federal court if such argument was not raised before the ALJ during the administrative proceedings. However, the Supreme Court recently resolved that split, holding

that there is no issue-exhaustion requirement in Social Security cases that would obligate a claimant to raise an Appointments Clause argument during the administrative proceedings. *Carr v. Saul*, 593 U.S. ___ (2021).

As a result, the Court finds that Plaintiff is not barred from raising her Appointments Clause challenge in this litigation. Because the parties do not dispute that the ALJ overseeing Plaintiff's claim was not constitutionally appointed at the time she conducted the hearing, Plaintiff is entitled to remand for a hearing before a constitutionally appointed ALJ and a new decision on her claim.[3] *See Lucia v. S.E.C.*, 138 S.Ct. 2044, 2055 (2018) ("This Court has also held that the 'appropriate' remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed' official."). Because Plaintiff will have a new hearing and new decision, the Court declines to reach the merits of Plaintiff's other arguments related to the ALJ's decision of September 24, 2018. Additionally, the Court finds that Plaintiff's claim must be assigned to a different ALJ on remand. *See Lucia*, 138 S.Ct. at 2055 (finding that a case

---

[3] The Court notes that, although the ALJ's decision was not issued until after July 16, 2018 (the date that the Acting Commissioner of the Social Security Administration properly appointed all of the agency's ALJs), such fact does not change the analysis because Plaintiff still did not have an opportunity to have a hearing before a constitutionally appointed ALJ. *See Wooden v. Comm'r of Soc. Sec.*, 19-CV-6710, 2021 WL 533508, at *3 (S.D.N.Y. Feb. 12, 2021) ("I note that it is irrelevant to the analysis that the ALJ was constitutionally appointed on July 16, 2018, *after* Wooden's hearing on April 20, 2018, but *before* issuing the decision on August 2, 2018. As other districts have noted, a claimant's interest in having a hearing before a properly appointed ALJ 'squarely presents an Appointments Clause issue.'") (emphasis in original); *Roundtree v. Comm'r of Soc. Sec.*, 19-CV-7347, 2021 WL 431514, at *14 n.16 (S.D.N.Y. Jan. 15, 2021) (noting courts discussing the effect on the analysis (if any) of a situation in which there was a hearing before appointment but a decision after appointment found that cases that were "in the pipeline" prior to the Commissioner's appointment of ALJs on July 16, 2018, should be treated the same regardless of whether the ALJ's decision was rendered after that date) report-recommendation adopted by 2021 WL 431452 (S.D.N.Y. Feb. 8, 2021). Notably, Defendant did not raise any argument that the ALJ's appointment after the hearing but before the ALJ's decision renders Plaintiff's Appointment Clause challenge invalid or moot; rather, he asserts only that Plaintiff did not make a timely challenge to the constitutionality of the ALJ's appointment. (Dkt. No. 14, at 11-21 [Def.'s Mem. of Law].)

remanded for an Appointments Clause violation must be heard by a different ALJ, even if the ALJ who heard the case the first time is now constitutionally appointed, because that ALJ "has already both heard [plaintiff's] case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that this case is **REMANDED** to the Commissioner for further proceedings consistent with this Decision and Order; on remand, Plaintiff's claim should be reassigned to a different ALJ for a new hearing and decision.

Dated: May 26, 2021
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge